UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

IN RE: JILL CLARK                                    Case No. 12-MC-0080 (PJS)

ORDER

---

On October 31, 2012, this matter was opened under Local Rule 83.6(e) by order of Chief

Judge Michael J. Davis, after Chief Judge Davis became aware of "misconduct or allegations of

misconduct which, if substantiated, would warrant discipline" against the respondent, attorney

Jill Eleanor Clark.  ECF No. 1.  Karin Ciano was appointed as counsel.  *Id.*  Chief Judge Davis

later recused, and this matter was assigned to the undersigned.  ECF No. 4.

On July 24, 2013, the Minnesota Supreme Court found that Clark is unable to

competently represent clients due to mental illness and ordered her transferred to disability

inactive status.  *In re Disciplinary Action against Clark*, 834 N.W.2d 186 (Minn. 2013).  The

court ordered that, "[d]uring the period of time that [Clark] is on disability inactive status,

[Clark] may not render legal advice, discuss legal matters with clients, or otherwise engage in the

practice of law."  *Id*. at 193-94.

In response to the decision of the Minnesota Supreme Court, Chief Judge Davis ordered

that Clark be transferred to disability inactive status and that she be prohibited from practicing

law before this Court "during the same period that she is prohibited from practicing law by the

Minnesota Supreme Court."  *In re Disciplinary Action against Clark*, No. 13-MC-0005, ECF

No. 3 at 2.  As a result of Judge Davis's action, Clark may not provide legal representation, legal

advice, or legal services — as an attorney, as a legal assistant, as a paralegal, as a legal advisor, or in any other capacity — in connection with any matter pending before this Court.

In light of the fact that Clark is barred for the foreseeable future from practicing law before this Court, no purpose would be served by continuing this proceeding. The Court will therefore stay this proceeding until such time as Clark is reinstated to the practice of law by the Minnesota Supreme Court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   This case is STAYED until such time as respondent Jill Eleanor Clark is reinstated to the practice of law by the Minnesota Supreme Court. Upon Clark's reinstatement, this stay will dissolve automatically.

2.   Counsel Karin Ciano is ORDERED to devote no further time to this matter until and unless the stay is dissolved.

3.   Clark is ORDERED not to provide legal representation, legal advice, or legal services — as an attorney, as a legal assistant, as a paralegal, as a legal advisor, or in any other capacity — in connection with any matter pending before this Court until and unless she is reinstated to the practice of law by the Minnesota Supreme Court.

4.   If Clark is reinstated to the practice of law, Ciano is ORDERED to complete her investigation, inform the Court of whether a formal disciplinary proceeding

should be initiated against Clark, and, if no such action should be initiated, make a

recommendation for disposition of this matter under Local Rule 83.6(e)(2).

Dated: August 30, 2013                                  s/Patrick J. Schiltz
                                                        Patrick J. Schiltz
                                                        United States District Judge